## Case No. 2,194a.

BURR v. The ST. THOMAS.

[18 Betts, D. C. MS. 1.]

District Court, S. D. New York. Jan. 9, 1851.

DISAGREEMENT BETWEEN MOIETY OWNERS—
AWARDING POSSESSION—SALE.

[1. Where moiety owners of a vessel cannot agree as to her control and employment, on application therefor, the court should decree a sale and division of the proceeds. The Seneca, Case No. 12,670, followed.]

[2. A motion founded on affidavits made by the half owners in possession for leave to retain and employ the vessel, upon giving security for one-half her value, will not be considered, on the application for sale, where no answer has been filed.]

In admiralty. The libel was filed by [Jonathan S. Burr and others] moiety owners seeking a sale of the ship [St. Thomas] because [Elwell and others] the other half owners in possession were about to employ her against the consent of the libellants. The claimants move the court for leave to load the vessel, giving security for one-half her value. This is opposed by the libellants. [Denied, with leave to renew after answer.]

BETTS, District Judge. The remedy sought by the libellants is apparently the appropriate one, and that which the court would allow in their behalf. This court has adopted the principle established by the circuit court in the case of The Seneca [Case No. 12,670], and relieves moiety owners from the loss of the use of their property when they cannot agree with their co-owners as to its employment by directing a sale and division of the proceeds. Without such aid the half owners out of possession may always, at the discretion of the others, be deprived of any profitable use of their property, and be compelled to leave the full enjoyment of it to those others on security merely to reimburse its value in case of its loss. A sale by decree of court is the only protection to be afforded in such case, and that this court will grant on a proper case made. The Onyx [Case No. 10,544].

If the claimants in the present case have any equity to prevent the allowance of that privilege to the libellants, it must be brought before the court by answer. It is not competent to them to meet the merits of the libel by a motion founded on affidavits. This in effect would lead to a decision of the gist of the case upon matters outside the pleadings. The motion of the claimants is denied, but with liberty to them to renew it after filing and perfecting their answer.

[NOTE. Thereafter Elwell and the other half owners answered, and libellants renewed the motion, which was granted. See Case No. 2,195, next following.]