## THE AKUTAN.

(District Court, W. D. Washington, N. D. January 12, 1927.)

No. 11179.

Shipping ⟨⟩21—Libel by part owner for sale of vessel in admiralty held not to state cause of action.

A half owner of a fishing vessel *held* not entitled to have her sold in admiralty and the proceeds divided, where there is no disagreement as to operation, no interference or objection by respondent to her operation by libelant, as in the past, and there has been no give or take offer for her sale submitted.

In Admiralty. Suit by Ole S. Bjerke against the gas screw Akutan and Sedolph H. Rudd, moiety owner thereof. Libel dismissed on exceptions.

Libelant prays for a sale of the vessel, etc., and a division of the proceeds between the libelant and respondent as moiety owners, alleging in substance: That the Akutan is a fishing vessel of 57 gross tons, documented at Ketchikan, Alaska, now lying at the port of Seattle; that the undivided one-half interest in the vessel is owned by the libelant and respondent Rudd, respectively; that Rudd is a sole owner of another vessel, and has devoted his entire time to the operation thereof, and has not shared the burden of the operation of the respondent vessel; and then alleges that respondent Rudd is not by temperament suited to the command or management of the Akutan, if he were willing to so devote his time, for the reason that he is continually quarreling with the crew and people with whom he comes in contact, is quick-tempered and irritable, lacking in executive or administrative ability; that during the time of the libelant's control as managing owner of the respondent vessel Rudd has criticized his conduct and found fault with the dealings with merchants and outfitting companies; that the engine of the Akutan has been in need of repair, to which the libelant was required to devote his time working on the boat and looking after the business; that libelant does not wish to have the responsibility of looking after both moieties, does not believe that Rudd will be able to share the burden of operation, nor that it is to the best interest that he do so; that respondent Rudd has said to sundry persons that he would not sell his interest in the vessel, nor buy libelant's interest; "that libelant during ten days last past has endeavored to get respondent to buy or sell on a reasonable, fair basis, all of which respondent has refused."

It is then stated that the halibut fishing season extends from February 15 to November 16; that the repairs must be made and the vessel given a general overhauling; that five weeks will be required; that the vessel should be repaired, so as to be enabled to proceed to the fishing banks on the 15th of February, 1927; that libelant is unwilling to make the repairs and to continue to act as managing owner; that he has not been able to agree with respondent as to sale or purchase of his moiety interest; that the diversity of opinion and interest with relation to the vessel and to the use and employment thereof are irreconcilable; and that for the reasons of the foregoing premises, the vessel should be sold to the highest bidder, and the proceeds divided.

Respondent Rudd, answering, admits moiety ownership; admits ownership of another fishing vessel, and during the last two years has operated and managed it; admits that the libelant does not wish to have the responsibility of looking after both moieties in the Akutan, but says that he believes that it is prompted by a desire to force respondent out of the ownership by libelant "purchasing the vessel cheaply at forced sale"; admits the halibut season opens February 15, that the engine should be repaired and overhauled, that libelant has refused to have such repairs and overhauling of the engine done, and has refused to act as managing owner of the vessel. He denies all of the other allegations in the libel, and then states there is no controversy in regard to the operation of the vessel, and had not been at any time prior to the filing of the libel; that, shortly before filing the libel, respondent was advised that libelant would no longer operate the vessel; that respondent told the libelant that it was agreeable to the respondent Rudd for the libelant to put in his place any one suitable to him and competent to act, and that, if agreeable to the libelant, the respondent would take over the management of the vessel; that respondent has at all times been willing and anxious to have the repairs made, and has so advised libelant, and has given libelant the privilege of saying by whom such repairs should be made and supervised; that respondent has at all times been willing to accommodate the libelant to facilitate the sale of the latter's half interest, if he should so desire, and has offered to join in the sale of the whole vessel at a fair price, if in any instance the sale of libelant's moiety would thereby be more advantageously brought about; and then states in paragraph VI "that the libel does not set forth facts sufficient to constitute a cause of action for the purpose of licitation

or partition," and then prays that the libel be dismissed.

The libelant excepts to the matters set forth in paragraph VI of the answer, and then says: "Treating the said paragraph as an exceptive allegation to the libel, which, if proper, would not require an answer or other pleading, libelant now moves for a hearing upon said exceptions, in order to save time in bringing to issue and hearing the question whether the libel states facts sufficient to state a cause of action, assuming for the purposes of the sufficiency of the libel that the stated facts are true." Libelant has also filed a petition for order of sale, setting forth the fact that the fishing season commences on the 15th of February; that a large majority of the halibut fishing vessels in the Alaskan waters and those of the Northern Pacific Ocean are owned and documented at Seattle; that the closed season is the active business season in buying, selling, and repairing the fishing vessels; that petitioner, at least 10 days before commencing action for partition, endeavored to effect a "buy or sell" arrangement with his moiety owner, Rudd; that Rudd made no effort to buy libelant's interest or sell his own; that he placed the value of $25,000 on the vessel, but he sought to have a friend buy the libelant's interest at $10,500; that libelant cannot pay the high price demanded by Rudd; that, if sold now on the basis of competitive bidding, she will bring a high sale price; that libelant will have an opportunity to bid; that the moiety owners are not in harmony or agreement with each other; that the allegations of the answer are not true; that the purpose of Rudd is to control jointly the use of the vessel, share half the profits, and force the libelant to do the work of both owners, while he, Rudd, operates another vessel for his sole profit; that the Akutan will, if properly operated after being repaired and outfitted, become a fair investment for one owner, but not fair or reasonable where the whole burden of operation is forced upon one.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for libelant.

Christopher Jacobsen, of Seattle, Wash., for respondent.

NETERER, District Judge (after stating the facts as above). It is urged by the libelant that the exceptions in the answer be treated as an exceptive allegation challenging the sufficiency of the libel, and that the court at this time determine the sufficiency of the libel to support the relief prayed. It is strongly urged by the libelant that, under the holding of Justice Washington in The Seneca, 21 Fed. Cas. 1081, No. 12,670, Story on Partnership (6th Ed.) § 435, and under the Ordinance of France of 1681, approved by Justice Washington in The Seneca, supra, a sale may be decreed.

Story on Partnership (6th Ed.) § 435, at pages 676, 677, says: "The law of Scotland gives a right as it should seem in all cases to the dissenting partners to offer their shares for sale to the other owners at a particular price, and if this offer is not accepted, then to require a judicial sale to be made of the ship, and the proceeds to be divided among them."

It is apparent that the libelant has not brought himself within the provisions of this law of Scotland, even if it has application, because he has not offered his interest for sale at a particular price, or agreed to buy at that particular price the other equal interest. He merely says that the respondent declines to fix a price.

Justice Washington in The Seneca, supra, says: "From the * * * pleadings and the new evidence * * * I find it to be that of joint owners of a vessel, having equal interest in her, each willing and desirous to employ her in navigation, but upon his own terms, and neither willing to do so upon any other."

In Head v. Amoskeag Mfg. Co., 113 U. S. 9, at page 23, 5 S. Ct. 441, 447 (28 L. Ed. 889) Justice Gray, for the court, says: "If the part owners are equally divided in opinion upon the manner of employing the ship, then, according to the general maritime law, recognized and applied by Mr. Justice Washington, the ship may be ordered to be sold and the proceeds distributed among them [citing The Seneca]."

Judge Betts, in Burr v. The St. Thomas, 4 Fed. Cas. 823, at page 824, No. 2,195, says: "The fundamental facts to be ascertained, however, are equality of interests and the disagreement of the parties as to the employment of their vessel. To that end the answer was required in this case, that it might be determined by the pleadings or the proofs upon any issue they should raise, whether these particulars attended this case."

This court in the Ellenora (D. C.) 252 F. 209, at page 210, said: "The power of the court does not rest in the right of a party to sell the vessel, but is an essential part and function inherently resting in the court, for the purpose of extricating the vessel from a condition which deprives commerce of an instrumentality in carrying forward the necessities of the people."

There is no statement of disagreement as to operation; there is no allegation of interference with or objection to the operation of the vessel by the libelant in any manner which he may elect. The only statement of fact is the temperament of the respondent with relation to his quarreling disposition with the crew and business contacts, but this is not pressed upon the libelant, as the respondent has nothing to do with the operation, and it does not interfere with the libelant's operation. And this statement must be discounted in view of the inference that respondent has been operating another vessel in like service for two years, presumably successfully. Respondent does nothing which deprives commerce of the use of the vessel as an instrumentality in carrying forward the public necessities. There is no disagreement alleged as to voyage, zone of operation, business in which it is to be employed, but merely the refusal to sell, and there is no "give or take" offer submitted, which seems to be the requirement of the laws of Scotland relied upon.

I do not think that the libel states an action within the admiralty jurisdiction, and the libel is not aided by the petition for sale.