## THE KATALLA.

(District Court, W. D. Washington, N. D. January 13, 1927.)

### No. 11187.

Shipping ⚖♾21—Libel by part owner of vessel held to state cause of action for sale of the vessel in admiralty.

A libel by the half owner of a fishing vessel, which alleges an irreconcilable disagreement between the owners as to management and repair of the vessel, that respondent refuses to serve longer in her operation with libelant, and that libelant has made an offer to sell his interest or to buy respondent's interest at a stated price, held to state a cause of action for sale of the vessel in admiralty and division of the proceeds.

In Admiralty. Suit by Albert Olson against the gas screw Katalla and M. O. Nielsen. On exceptions to libel. Overruled.

Libelant alleges that the Katalla, engines, etc., is owned by the libelant and respondent Nielsen in undivided half interests; that the libelant acted as engineer for the Katalla during the fishing season for 1925; that, while the vessel was laid up at the port of Seattle, the respondent criticized the libelant's work and handling of the engine to such an extent that he (respondent) would not serve on board the vessel after the close of the season; that disputes and disagreements have arisen from time to time between the two owners as to the cost and expense of operation and management, maintenance, and repairs of the vessel, and the conduct of the profit-sharing investment, which are irreconcilable; that libelant has named a reasonable price for said vessel, for which he is willing to sell his interest in the vessel or to buy the share of his co-owner, but Nielsen refuses either to buy or sell, and in consequence of his obstinacy and impracticability libelant is unable to sell to another person; that respondent has employed men to make repairs and to overhaul said vessel, to which libelant objects, because of the manner in which the work is being done and the cost thereof; that on June 30, 1925, respondent and libelant had a settlement, and respondent arbitrarily asserted the right to take more than his share due him, and since said time, whereby respondent should account for at least $250 for moneys wrongfully withheld; that a reference should be had to determine the state of the account arising out of said joint ownership and operation, as an incident to the partition, sale, and distribution of moiety interests.

The respondent Nielsen files claim for an undivided half ownership, averring that he was in possession of the vessel at the time of the attachment, excepts to the sufficiency of the libel, and moves the court for an instruction to the United States marshal to remove, or permit the removal of, the vessel to the shipyards designated by the respondent, or by the libelant and respondent jointly, for the purpose of repairing and equipping her for the fishing season; and that, in the event this motion is denied, the court fix a bond for the safe return of the vessel, on posting of which said vessel be released from custody to the respondent.

Winter S. Martin and Arthur Collett, Jr., both of Seattle, Wash., for libelant.

G. E. Steiner, of Seattle, Wash., for respondent.

NETERER, District Judge (after stating the facts as above). The facts in this case differ from those in The Akutan, 17 F.(2d) 266, just decided. The libelant in that case is in possession of the vessel, and has operated it for two years with the consent of the respondent, and there is no objection on behalf of the respondent to the operation of the vessel, nor is there objection, in the event the libelant does not care to operate the vessel, for the libelant to select a master suitable and

competent to take charge of the vessel. The only controversy alleged is the disinclination of the libelant to operate the vessel and the declination of the respondent to sell his half interest in the vessel.

In the instant case there is alleged a disagreement in operation and diversity of opinion as to management, and an objection on the part of the libelant to have the vessel overhauled and repaired by the men and in the manner contemplated and directed by the respondent. Each moiety owner has an opinion of his own with relation to the repairs and operation, and each is asserting it. It would seem that this case falls clearly within the facts in The Seneca, 21 Fed. Cas. 1081, No. 12,670. Justice Washington, at page 1082, stated, in substance, that he found the joint owners, having equal interests, each willing and desirous to employ her in navigation, but upon his own terms, and neither willing to do so upon any other, and then, referring to the Rhodian laws and Oleron and Wisbuy, sets out the provisions of the Roman Marine Code, under which he said that the majority in interest of the owners of a vessel would have a right to send the ship to sea against the will of the minority, but, if the majority refused to employ the vessel, the minority could not compel it, but such refusal would not keep the vessel idle, to the injury of the public and the minority, and that, if the interests of the owners be equal, and they differ in the employment, one half in favor of employing the vessel and the other not, those in favor would have the right to send the vessel out, and referred to the Marine Code of France, in which this provision appears: "No person may constrain his partner to proceed to the public sale of a ship held in common, except the opinions of the owners be equally divided about the undertaking of some voyage."

Citing from Valin (page 585), explaining this provision, he says, at page 1083: "The reason strikes me to be the same in the one case as in the other, and the consequences to the parties, to their original intention, to the object of the vessel, and to the interests of commerce, are precisely the same. In the one case as in the other, the vessel must remain unemployed, since neither owner can, otherwise than tortiously, send her to sea, against the will of the other." So in this case, there is a dispute, apparently irreconcilable, as to the vessel in its operation and repairs. Neither can proceed without tortious conduct. The court cannot determine which of the parties is unreasonable, if either,

and then give to the other control of such moiety, and permit the repairs and operation, against which protest is made.

Justice Washington, in The Seneca, supra, at page 1083, said: "I am far from saying, or even believing, that, in point of fact, the objection to Capt. Levely is well founded, since there is no proof in the cause to substantiate it; but if it be honestly entertained by the appellants, it is not for this court to decide that it is futile, and merely urged as a pretext for detaining the vessel in port."

Again he said, at page 1084: "It is most obvious, in short, that Valin, as well as other jurists who have treated of these articles, have considered them, not as part of the common, but of the maritime, law of France, and we find provisions similar to them in principle introduced into the Code de Commerce of that country."

Again: "We are informed that this Code was compiled from the prevailing maritime regulations of France and of other nations, as well as from the experience of the most respectable commercial men of France. And why should not such parts of it as are purely of a general maritime character, which are adapted to the commercial state of this country, and are not inconsistent with the municipal regulations by which our courts are governed, be followed by the courts of the United States in questions of a maritime nature? I leave this question to be answered by those who would restrain the admiralty jurisdiction of the District Court within the limits allowed by the common-law courts of England to be exercised by the high court of admiralty of that country."

And he reversed the decision of the trial court, in which a sale was denied. See, also, Head v. Amoskeag Mfg. Co., 113 U. S. 9, at page 23, 5 S. Ct. 441, 28 L. Ed. 889.

The conclusion must obtain that, under the allegations in the libel, partially supported at least by the motion of the respondent, there is apparent an irreconcilable difference as to the repairs and operation of the vessel, and it also appears that the libelant has made an offer of "give or take," as provided in the law of Scotland, and referred to in The Akutan, 17 F.(2d) 266, just decided. The court should therefore not deprive one one-half owner of the use of his property, and give control to the other, and permit use to be made of it, to which objection is urged.

The exceptions to the libel are overruled, and the motion to direct the marshal to take the ship to the shipyard or to release it on stipulation will be denied.